THE STATE OF IOWA *ex rel.* RICE v. WM. C. SMITH, County Judge of Marshall County.

1. MANDAMUS. Strictly speaking, there is no return to a peremptory writ of mandamus. A certificate of what is done, in obedience to the writ, should be made.
2. SAME: ATTACHMENT. When a peremptory writ of *mandamus* is issued addressed to a county judge; a writ of attachment for contempt, in not obeying the order of the court, should run against the officer by his individual name, and not by his official name alone.
3. ATTACHMENT AGAINST A BOARD OF CANVASSERS. When a writ of *mandamus* is issued, directed to a board of canvassers, consisting of a county judge and two justices of the peace, an attachment for contempt in disobeying the writ, should run against the justices as well as the judge.
4. SAME. When an attachment runs against the judge alone, and he returns that he is willing, and has been willing, to obey the order of the court, but was overruled by the other members of the board, he can not be made to suffer for disobedience.
5. ACTION UNDER A WRIT OF MANDAMUS. When a board of canvassers are commanded by a peremptory writ of *mandamus*, to count certain returns, they cannot avoid the mandate of the writ by certifying that the papers referred to are not returns.
6. RETURN: SAME BOARD MUST SERVE. A certificate by the county clerk showing a canvass subsequent to the issuing of the writ, by the county judge and two justices, who did not assist in the first canvass, will not be regarded. The canvass in obedience to the writ must be made by the original board.

*Appeal from Marshall District Court.*

WEDNESDAY, OCTOBER 19.

THE material facts are presented in the opinion of the court. The defendant appeals.

*Cole & Jewett, M. M. Crocker* and *E. W. Eastman,* for the appellant

SUPREME COURT CASES.—1859. 335

State of Iowa ex rel. Rice v. Wm. C. Smith, Co. Judge Marshall Co.

I. The first return to the writ of *mandamus*, was as follows: I William C. Smith, county judge of Marshall county do return that on the 6th day of January. A. D. 1859, I obeyed the mandate of said writ, and performed the duties by said writ required." This was a complete return, and should not have been quashed. Tapp. on Man. 346 and 348 (marginal).

II. The first step to be taken by the board of canvassers, is to determine whether the papers presented are returned. *The People* v. *Cook*, 14 Barb. Sup. C. R. 259; *The State ex rel. Rice* v. *The County Judge of Marshall County*, 8 Iowa 158; Code of 1851, section 26, subdivision 4; and section 2180.

*Wm. Penn Clarke* and *H. C. Henderson*, for the appellee.

The following authorities establish the proposition, that the only return that can properly be made to a peremptory writ of *mandamus*, is that the mandate of the writ has been complied with, and showing the manner in which the act has been done. Tapp. on Man. 51; Ib. 389; Ib. 445; Ib. 456; *The State* v. *Jones*, 1 Ired. 414.

WOODWARD, J.—This same cause was before this court at the December term, A. D. 1858, (7 Iowa 158.) A peremptory writ of *mandamus* had been ordered by the District Court, and the defendant appealed. The judgment of that court was affirmed, and the writ issued accordingly.

In the return to the alternative writ, the county judge and canvassers had stated that they had rejected the returns from the townships of Le Grand, Marion and Green Castle, for insufficiency. It was held that they were not authorized to adjudge upon their sufficiency or validity, but, if they were *returns*, the canvassers must count them, and leave their sufficiency to be determined in some other proceeding; and that even this court could not adjudicate this question in that cause.

In the certificate of return to the peremptory writ, the

county judge states, that in re-canvassing the returns of the election, in obedience to the peremptory writ, a majority of the canvassers decided that the papers supposed to be returns from the three townships, were not returns, the two justices so holding, and he dissenting; and he sets forth the canvass made by them. In consequence of this decision, the returns from these three townships were not counted.

In this stage of the case, the relator moved for a writ of attachment against the county judge, and that the above certificate of return be set aside. This was set aside, and the writ of attachment was issued.

There is, strictly, no *return* to the peremptory writ. It is to be obeyed, and a certificate is made of what has been done. Tapp. on Man. 61, 389, 445, and 456; *State* v. *Jones*, 1 Ired. 414. A writ of attachment was issued running against the *county judge*, without naming him. A return of *non est* being made, an *alias* issued, and the same return was made, and a *pluries* was issued. The defendant then appeared by his counsel and moved that it be quashed, for the reason that the writs ran against the *county judge* and the returns to the former writ of attachment, and showed that the individual was absent from the county, and could therefore do no act as judge, (the former certificate having been made before the term of the court,) and that the county judge *dejure* or *defacto*, that is, the judge or his legal substitute, was always present in the county. The writ of attachment should run against Wm. C. Smith, who may be entitled as the county judge, but it should not issue against the officer's name alone.

There was, however, occasion for such a writ. In the prior proceedings the returns from the three townships had been treated as *returns*. They had been rejected for insufficiency only, and the command of the peremptory writ was that they should be counted. After this it did not lie in the power of the canvassers to say that they were not returns. The order of the peremptory writ extends to the justices as well as to the county judge, in its legal effect. If it were not so,

they might defeat the object intended, and so it would be in this case. The judge with the justices, as canvassers, must do what is commanded by the writ. Therefore the writ of attachment should have issued against the justices as well as the judge. The county judge cannot control them and their actions, but this belongs to the District Court. The only discretion now left them is to compute the vote for their respective places. The judge having returned that he was willing to obey, cannot be made to suffer for disobedience; but he can still be caused to do the act.

The return of a copy of proceedings, made by the county clerk and showing a subsequent canvass, with the assistance of still other justices, cannot be regarded. It is not certified nor returned by the judge; and besides, the judge, with the two justices first called under the peremptory writ, or a majority of them, must be caused to obey the writ. They have been called, and they are not yet discharged. The appeal of the defendant is from the order setting aside the certificate of return, and granting the *pluries* writ of atttachment, and from the refusal to set this aside. This writ should be set aside, but because it runs against the county judge alone, and against him in his official name. And such a writ must issue against Wm. C. Smith, the county judge, and John Turner and Elias Wallahan, (who were the justices of the peace called to act as canvassers,) to all of whom the command of the peremptory writ extended, and they are to be dealt with according to law in such cases, until they obey the peremptory writ of *mandamus*.

The judgment of the District Court is therefore reversed, and a writ of *procedendo* will issue.