# THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.*
## THOMAS L. BRECKENRIDGE
### *v.*
## WILLIAM S. BROOKS.

1. WRIT OF MANDAMUS—*how to issue.* The clerk of the circuit court has no power to issue a writ of mandamus without an order of the court. The power to award the writ is in the court and not in the clerk, and it is only granted on good cause shown, and such time for the return is fixed by the court as may be reasonable and just.

2. SAME—*certainty.* The writ must be certain, and clearly show on its face, that it is the duty of the defendant to perform the act sought to be enforced. The mandatory clause should, like the body of the writ, expressly state the duty required.

3. Where the petition for the call of an election to subscribe for a specified amount of stock in a railroad company, on several express conditions, and where the alternative writ required the town supervisor to call an election to vote, not as petitioned for, but whether the town would subscribe stock or donate to the railway, without stating amount or conditions, and where the peremptory writ misrecited the petition for the call of the election, but commanded the supervisor "to call an election of the legal voters of the town under the laws of this State:" *Held,* that the peremptory writ was erroneous, as it was too uncertain, in not following the petition for the call of an election.

4. CONSTITUTION. Even if the relator was entitled to the writ when it was awarded by the circuit court, still, the new constitution having been since adopted, it could not now be executed, and should not therefore issue.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The opinion states the case.

Messrs. GOODSPEED, SNAPP & KNOX, for the appellants.

Mr. THOMAS L. BRECKENRIDGE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an application for a mandamus against the defendant, as supervisor of the town of Joliet, in Will county, to compel him to call an election under and by virtue of "An act to fund and provide for paying the railroad debts of counties, townships, cities and towns," in force April 16th, 1869, to decide whether the township would subscribe for or donate to the capital stock of the Joliet, Newark & Mendota Railway Company.

The court, in the first instance, granted a rule against appellant to show cause why a *peremptory* writ of mandamus should not issue against him, returnable in ten days, and ordered service of a copy of the order. The day after the expiration of the rule, the time of serving a copy of the order was extended to January 24, 1870, and it seems never to have been served. On the same day there was issued out of the court, by the clerk thereof, an alternative writ of mandamus, returnable on the third day thereafter, January 24, 1870.

This writ would seem to have been issued by the clerk of the court, without any order of the court therefor.

The power to issue writs of mandamus is vested in the courts, not in the clerks of courts. The writ is never granted merely for the asking, but upon good cause shown to the court; and the court is to allow such time to make return as to it shall seem just and reasonable. A clerk can not, in his discretion, make the writ returnable in three days.

We think the writ defective, too, for lack of certainty. The writ must clearly show upon its face that it is the defendant's duty to execute it, and must, with great certainty, call the attention of the defendant to his duty. Tapping on Mand. 322.

The mandatory clause should, like the body of the writ, expressly state the duty required of the defendant, and with great certainty call his attention to it. Id. 326.

In the petition addressed to him, the defendant was desired to call a special election to determine whether the town would

subscribe for $100,000 to the capital stock of the railway company, on several express conditions. In the alternative writ, he was required to call an election to vote, not as petitioned for, but whether the town would subscribe to the stock, or donate to the railway, and without reference to any amount or conditions. In the peremptory writ, after misreciting the petition as being whether the township would subscribe for, or donate to, the capital stock of the railway, the defendant was commanded "to call an election of the legal voters of the said township of Joliet, under the laws of this State relating thereto." The defendant would have been perplexed in what manner to call the election. Even if the party had a right to the writ, it could not be executed now, under the provisions of the existing constitution, and therefore should not issue.

The judgment of the circuit court must be reversed.

*Judgment reversed.*