ORAN D. THATCHER ET AL., APPELLANTS, V. THE
COUNTY OF ADAMS, APPELLEE.

1.  **School Districts**: INDEBTEDNESS WHEN DISTRICT SUB-
    DIVIDED. Where a school district issued its bonds for the pur-
    pose of borrowing money, and afterwards was subdivided into
    other districts, it is the duty of the taxing officers to levy taxes
    on the property of the original district sufficient to pay the indebt-
    edness, but they have no power or authority to levy such taxes
    on real estate which had never constituted a part of the district,
    nor upon personal property outside of such district.

2.  ———: TAXES: INJUNCTION. Such taxes, if levied, would be
    for an "unauthorized purpose," within the meaning of section
    144 of chapter 77 of the Compiled Statutes, 1885, and their col-
    lection might be restrained, or the creation of an apparent lien
    therefor prevented, by an injunction.

3.  **Mandamus**. A writ of mandamus can only require an officer,
    board, or court to perform a duty which the law enjoins. It
    cannot create or enlarge the authority of the person or officer to
    whom it is directed.

APPEAL from the district court of Adams county.
Heard below before MORRIS, J.

*Hester & McCreary*, for appellants.

*L. J. Capps*, for appellee.

REESE, J.

Plaintiffs filed this petition in the district court, alleging,
in substance, that the county board, on the 12th day of
June, 1885, ordered a tax of twenty-one mills to be levied
upon their separate property situated in sections 24, 25,
and 36, in town 7, range 10, in Adams county; that the
indebtedness for the payment of which the levy was made
was a debt of school district No. 13 of said county, but that
the said three sections were never within said district,

were in no way liable for its debts, and that the county board had no authority to levy such tax upon the property described. An injunction is prayed to restrain the county clerk from transcribing the levy onto the tax lists, and thereby casting a cloud upon the title of the real estate of plaintiffs.

To this petition a general demurrer was filed, which was sustained, and to which plaintiff excepted and now appeals, for the purpose of securing a review of the decision of the district court in sustaining the demurrer.

The abstract of the petition is incomplete, but enough is shown from which we conclude that the levy was made for the purpose of raising sufficient funds to pay certain bonds issued by said school district No. 13.

It is conceded by defendant that if the property described in the petition was not a part of school district No. 13 at the time the bonds were issued it could not be taxed to pay the debt, but it is contended that injunction will not lie to restrain the clerk from transcribing the tax onto the tax lists, the plaintiffs having an adequate remedy at law under the provisions of section 145 of chapter 77, Compiled Statutes. It may be that a remedy is given by the section referred to, but that it is *adequate*, we think could not be contended. Section 144 of the same chapter prohibits the granting of injunctions to restrain the collection of taxes, except in cases where the tax has been levied for an "illegal or unauthorized purpose." In such cases the collection of a tax may be restrained by injunction. It would seem to follow, logically, that if the *collection* of a tax might be restrained, then the same remedy would exist to prevent the creation of a lien or cloud upon real estate, and the title thereto, by placing the tax upon the record books of the county and ordering its collection. Assuming the allegations of the petition to be true, as we must when assailed by a demurrer, the question presented is, was the tax levied upon the property of plaintiffs so

levied for an unauthorized purpose? We think it must be conceded that it was. If the property was not liable for the debt the county board had no authority to make it so. As well might the tax have been levied upon any other property in the county as upon the property of plaintiffs. The county board had no authority to levy the tax upon any real estate except what was included in district 13 at the time the debt was contracted. The petition, therefore, stated a cause of action, and the demurrer was improperly sustained.

Counsel have gone beyond the allegations of the petition as contained in the abstract and discussed another question, to which we will briefly refer.

It appears by the records of this court that on the 31st day of July, 1883, a peremptory writ of mandamus was issued to require a levy of tax to be made upon the property within the district as constituted at the time the bonds were issued, and that the sections above named were enumerated as having been a part of said district at that time. No opinion seems to have been filed, and the case is not reported. An examination of the files in that case shows that these plaintiffs were not parties in that action.

All that could have been and all that was judicially settled by that judgment was to require the officers of the district to perform a duty imposed upon them by law. Nothing was or could have been required except that the officers do what it was their duty to have done without the writ. They were not authorized to levy a tax upon any property outside of the original boundaries of district No. 13. The writ of mandamus could give no greater authority than they had without it. Had it been made to appear to this court prior to the issuance of the writ that the land described in plaintiff's petition, or any other, was not within the bounds of district No. 13 when the bonds were issued, such lands would not have been included. Plaintiffs, not having been made parties thereto, are not bound by any

judgment in that case. While this question could not legitimately arise upon demurrer, the fact of a former adjudication being proper matter of defense, yet in view of the discussion of the subject by counsel in their briefs and of the further fact that the cause must be remanded for further proceedings, we have deemed it proper to say that in our opinion the mandamus could give no authority to levy a tax upon property not liable for the debt, and that the judgment of this court in issuing the writ can in no sense be deemed an adjudication of plaintiff's rights, nor deprive them of any remedy which they would have had in case the levy had been made without coercion by a mandamus. If, therefore, the plaintiff's property was not within the boundaries of district No. 13 as it existed at the time the debt was contracted they are entitled to the relief prayed.

The decision of the district court in sustaining the demurrer is reversed, the demurrer overruled, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.