R. W. LAFLIN v. STATE OF NEBRASKA, EX REL. WILLIAM
L. GRAY ET AL.

FILED NOVEMBER 18, 1896.    No. 7613.

1. **Mandamus**: DUTY: ENFORCEMENT. To authorize the issuing of a
   writ of *mandamus* in this state, the duty in question must be one
   specially enjoined by law, or which results from the office or sta-
   tion of the respondent.

2. ———: FORM OF WRIT. The peremptory writ of *mandamus* must con-
   form strictly to the command of the alternative writ, or, in the ab-
   sence of the alternative writ, to the prayer of the petition which is
   the basis of the proceeding, and clearly indicate the particular
   duty to be performed.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*J. W. Carr* and *Pound & Burr*, for plaintiff in error.

*Charles O. Whedon* and *Charles E. Magoon, contra.*

POST, C. J.

This was an application for a writ of *mandamus*, ad-
dressed to the district court for Lancaster county. It
appears from the allegations of the relators that they are
members in good standing of the Ancient Order of United
Workmen, "a fraternal and benevolent secret society,
order, or association issuing fraternal insurance to the
members thereof," and that there are within this state
numerous subordinate lodges of said order, under the im-
mediate jurisdiction of a grand lodge, the latter being, in
authority, subordinate to a supreme lodge. The consti-
tution, a copy of which accompanies the petition, provides
for the holding of sessions of the grand lodge biennially,
and at a regular meeting thereof, held pursuant to con-
stitutional authority, at the city of Lincoln, in the month
of May, 1893, the city of Kearney was selected as the
place for the meeting of the next session of said grand

lodge, in the month of May, 1895.   At the meeting held as aforesaid in the year 1893 the following grand officers were in due form chosen and installed, to-wit: J. G. Tate, grand master workman; R. W. Laflin, grand foreman; J. C. Hayes, grand overseer; L. A. Paine, grand recorder; and E. A. Polley, grand receiver.   By provision of the by-laws adopted in conformity with the constitution subordinate lodges are, at the stated meetings in March next preceding the sessions of the grand lodge, required to elect representatives to the said grand lodge; but, according to the petition, certain of the grand lodge officers, including the respondents herein, in order to postpone the election of their successors and to enable them to hold their said offices until the month of May, 1897, in violation of the constitution and by-laws of said order, conspired to prevent the holding of a session of the grand lodge in the year 1895; that in pursuit of such unlawful purpose respondents procured the submission to the several subordinate lodges of a resolution approving the plan so proposed, and upon the adoption thereof by a majority of the subordinate lodges the respondent Tate, as grand master workman, issued a formal announcement to the effect that the session of the grand lodge appointed for the city of Kearney, in the year last named, had been abandoned.   The avowed reason for the action complained of, as appears from the petition, is the want of necessary funds to defray the expenses of a session of the grand lodge, but which, as charged by relators, is not in fact the real motive of the respondents.   The prayer of the petition is for a writ of *mandamus* directed to the respondent Tate, as grand master workman (or, in his absence from the state, to the respondent Laflin, as grand foreman), commanding him to notify all subordinate lodges that any and all action by them or the said respondents looking to an abandonment of the session of the grand lodge for the year 1895 is null and void, and to direct said subordinate lodges to elect representatives to the grand lodge for said year, at the time and in the man-

ner prescribed by the laws of the order. An objection to the petition, in the nature of a general demurrer, was overruled and judgment entered awarding a peremptory writ of *mandamus* against the respondent Laflin, as acting grand master workman, commanding him "to immediately inspect the proceedings of the subordinate lodges touching the matter of the postponement and abandonment of the grand lodge in May, 1895, and require said proceedings to conform to the general laws, rules, and regulations of the supreme lodge of said order and the grand lodge of Nebraska." The objection to the petition was, we think, well taken, since respondents, however wrongful the alleged attempt to prevent the session of the grand lodge, are by no provision of the constitution or by-laws of the order charged with the particular duty sought to be enforced.

It is a familiar rule that to authorize the issuance of the writ of *mandamus* in this class of cases the particular duty in question must be one specially enjoined by law, or which results from the office or station of the respondent. (*Thatcher v. Adams County*, 19 Neb., 485.) The provision for biennial sessions of the grand lodge, and also for the selection by subordinate lodges of representatives thereat, is obviously self-acting, and the latter are, by operation of law, charged with notice of the duty thus imposed upon them. The by-law imposing such duty upon subordinate lodges is as much the law of the order as the constitution itself, or the statute under which it was created. (*Presbyterian Church v. City of New York*, 5 Cow. [N. Y.], 538; *Kent v. Quicksilver Mining Co.*, 78 N. Y. 159; 1 Beach, Private Corporations, sec. 321.) Action such as contemplated by this proceeding, although reasonable and appropriate in the administration of the office of grand master workman, necessarily rests in the discretion of that officer, and the exercise of his discretion in that regard is not the subject of judicial control.

It is also assigned as error that the peremptory writ of *mandamus* does not follow the petition, which, under

the practice tolerated in this state, has usurped the office of the alternative writ. The relief sought, as we have seen, is a writ of *mandamus* requiring the respondent Tate, as grand master workman, to promulgate a particular notice directed to the subordinate lodges, while the writ awarded commands the officer named to inspect the proceedings of the several subordinate lodges touching the postponement of the grand lodge, and to require such proceedings to conform to the general rules and regulations of the supreme lodge of the order and the grand lodge of this state. The peremptory writ of *mandamus*, which has been likened to an execution, should conform strictly to the command of the alternative writ, and clearly indicate a particular duty to be performed. (2 Kinkead, Code Pleading, sec. 814; *People v. Supervisors*, 1 Hill [N. Y.], 50; *Chance v. Temple*, 1 Ia., 179; *People v. Brooks*, 57 Ill., 142; *State v. County Judge*, 12 Ia., 237; *State v. Union Township*, 43 N. J. Law, 518; *School District v. Lauderbaugh*, 80 Mo., 194.) According to the contention of relators, the judgment is responsive to the following allegations of the petition: "The fifth article of the constitution of said order requires the grand master workman to preside in the grand lodge, and to require conformity to the general laws, rules, and regulations of the supreme lodge and of the grand lodge." By the article of the constitution above mentioned it is made the duty of the officer named to inspect the proceedings of subordinate lodges and require conformity with the general laws, rules, and regulations of the supreme lodge of the order and of the grand lodge of the state; but the order, as shown by exhibits accompanying the petition, is governed by a comprehensive system or code of laws, embracing numerous distinct and separate provisions binding upon the various subordinate lodges, and to which the grand master workman is required to exact obedience. The writ awarded, in general terms, commands the discharge by the plaintiff in error, as acting grand master workman, of the duties with which he is charged by the constitution

and laws of the order respecting the proceedings of the subordinate lodges, and is, therefore, a wide departure from the precise duty alleged as the basis of the proceeding.

JUDGMENT REVERSED.