STATE, EX REL. JOSEPH B. BRITT, APPELLANT, V. SIGEL MATSON ET AL., APPELLEES.

FILED FEBRUARY 26, 1915. No. 18,586.

1. **Schools and School Districts:** BONDS: SUBMISSION OF PROPOSITION FOR ISSUANCE. "A proposition of a school district to issue bonds must be submitted separate and distinct from any other that is not germane thereto." *State v. Barton*, 91 Neb. 389.

2. ———: SCHOOLHOUSE: SELECTION OF SITE. *Held*, that under section 6737, Rev. St. 1913, the selection of a building site for a schoolhouse can be made only by the electors of the district at a district meeting, by a vote of two-thirds of the qualified electors present.

3. **Mandamus:** INCONSISTENT RELIEF. A peremptory writ of mandamus will not issue to compel the doing of an act inconsistent with the petition and inconsistent with the alternative writ.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed and dismissed.*

*A. G. Wolfenbarger* and *H. S. Lower*, for appellant.

*Morning & Ledwith*, contra.

MORRISSEY, C. J.

This was an application for a writ of mandamus addressed to the district court for Lancaster county. The

writ was issued, but not in the form prayed, and both par-
ties appealed. The respondents are the officers of school
district No. 139 of Lancaster county, a district not in a city
of the metropolitan class, and the relator was an elector of
said district. February 26, 1914, there was filed with the
respondents a petition signed by more than one-third of
the legal voters of the district "suggesting that a vote be
taken for or against the issuing of bonds of said school
district, * * * to purchase lots Nos. 27, 28, 29, 30, 31,
32, 33, 34, Hillcrest addition to the village of Bethany
Heights, Nebraska, and to build thereon a school building
and to fully equip the same with heat, light, water, sew-
erage and furniture." The respondents declined to issue a
call to submit that question to the voters of the district,
and an alternative writ was issued directing the perform-
ance of the acts as prayed in the petition, or, on failure
to obey the order, to appear and show cause.

Three of the respondents answered and showed that they
had at all times been ready and willing to grant the prayer
of the petition, but, being less than a majority of the board
and the other members refusing to call the election, as
prayed, they were powerless to act. The other respond-
ents answered, admitting their official positions, the filing
of the petition, that it contained the names of more than
one-third of the legal voters of the district, etc.; but denied
that the act sought to be enforced by this proceeding was
a duty required of them by law. They alleged that school
district No. 139 adjoins another school district, and that
a number of families residing in this adjoining school dis-
trict had been set over into district No. 139 under section
6942, Rev. St. 1913, and that the parents of these children
are qualified voters in said district on all school questions,
except the issuance of bonds; that the district now has a
school site with a schoolhouse thereon, and that the pres-
ent site is nearer the geographical center of the district,
and of the population thereof, than the site proposed in
the petition for the bond election; that the proposition to
purchase a new school site should be separately stated,
and that the proposition should not designate any par-

ticular property, but the district should be left free to negotiate for a new school site upon the most advantageous terms, and left free to select the location which two-thirds of the legal voters of the district, including those outside the district, but legally entitled to vote, should select; that two propositions are combined in one, and that it is impossible for voters to vote for or against either proposition without voting for or against the other; that the petition as presented was not in such form as would authorize the calling of an election as prayed. A peremptory writ was issued, but not in the form or substance of the alternative writ. The court found that the selection of a specific building site for a schoolhouse can be made only by the electors at a school district meeting, and cannot be legally submitted to the electors at a bond election, and in this conclusion we agree. It further found "that at the time of the commencement of this action it was the duty of the school board of district 139 to call an election and to submit to the qualified electors the question of voting for or against the issuing of bonds of said district in the amount of $25,000 for the purpose of purchasing a building site and for the construction, equipment, including heat, light, water, sewerage and furniture, and furnishing of a school building or schoolhouse," and allowed a peremptory writ directing that the school district officers issue a call for an election according to said finding, and taxed the costs to the respondents, as members of the school board. The relator and respondents have separately and severally excepted and appealed.

The school district had a site. The effect of this bond election, if the proposition carried, would be the purchase of a new site and the transfer of the school thereto without giving the voters of the district an opportunity to vote on the question as provided by the statute. It is stipulated that not less than two families had been transferred from the adjoining district to district No. 139 for school purposes. The parents and guardians of these children were, under section 6942, Rev. St. 1913, entitled to vote upon all school matters except that of issuing bonds. Section 6737,

Rev. St. 1913, provides a method of changing the school site, and it is evident that the legislature did not intend that the school site might be changed in any other way. The method undertaken under these proceedings is a clear evasion of this section of the statute and is in violation of the rights of the voters who were entitled to vote upon this question alone, and it would effectually disfranchise those electors transferred from the other district who are not entitled to a vote upon the issuance of bonds.

The court could not split up the relators' cause of action, nor could it issue a peremptory writ differing in terms from the alternative writ. "The peremptory writ of mandamus, which has been likened to an execution, should conform strictly to the command of the alternative writ." *Laflin v. State,* 49 Neb. 614.

There are a number of other issues raised, but as those discussed dispose of the case it is unnecessary to comment upon them.

The judgment of the district court is reversed and the cause dismissed at the. costs of the relator.

REVERSED AND DISMISSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.