Woods for the defendants.
The present motion is to set aside the verdict, and, if the court should be of opinion against us on that point, to arrest the judgment. On one of these grounds we must prevail, and for that purpose, I shall contend that the award was on the trial, final and conclusive evidence to bar the action: secondly, that the -verdict findingthe defendants guilty as to the first sixcounts $,r.d not ,as to the seventh, is contradictory ; thirdly, that, *308 this action, as it at prespnjt appears on the award, cannot be supported, being evidently a suit in trespass, which will not lie for a conspiracy, as the remedy ought to be by an action on the case. On the first point it must be admitted, the award was intended to be final and conclusiye as to the" burning the barn, §cc. The plaintiff ought not tb be permitted, after a suit for that very cause, and submitting it to arbitrators, who take on themselves the burthen of the award, and absolutely make it, to bring another suit for the same offence. The plaintiff /cannot, by merely varying his form of proceeding, (if there be any variance in this case) bring a subsequent action on the same grounds. The award is final and conclusive, therefore, on the cause of action, not'the mere proceed-, figs: it says, the “ aforesaid suit shall be no further prosecuted.” This must be taken as if it had been declared, the defendants shall never again be impleaded for burning the barn. The rule of construction in awards, is more liberal than it formerly was: the courts Jqok to what was designed, because the arbitrators are judges of the parties’ owrn choosing, and not tied down, to technical rules. In Strangford v. Green, 2 Mod. 228, the submission was, by the defendant, on behalf of himself and partner, of all differences and controversies between (hem and the plaintiff. The award was, “ that all suits which are prosecuted by the plaintiff against the defendant shall cease.” This, said the court, has the effect of a release. So here, that the <c spit shall no further be prosecuted,” will have the same pperation. Another inference is to Bp drawn from this authority, in answer to the objection that may be made, of the submission being only by some of those who were proceeded against in the first action : but they had a right to refer for the other, as they were the parents of the defendant Samuel. In the case cited, one partner submitter! for all, and yet the award was not on that ground impeach-; able. The same principles will be found in Kyd, 212. Hawkins v. Colclough, 1 Burr. 274. Gray v. Gray, Cro. Jac. 525. So in Harris v. Knipe, 1 Lev. 58 an award “ that «4! spits and contrqversies shall tease. was held good and, *309 inutual, though no other part of the award was valid. In Simon v. Gavil, 1 Salk, 74. the words were, “that all suits “ now depending shall cease” and it was urged in error to be final, “ because the meaning is not that the party shall “ give over and begin again, but that the suit should abso- “ lutely cease for' ever, so that the right is gone, because “ the remedy is.” Even an award “ that a suit in chancery “ shall be dismissed” is final; because the court “ will in- “ tend this a substantial dismission and perpetual cession.” Knight v. Burton. 1 Salk. 75. 3 Vin. Abr. 67. pl. 28. As the second point will be spoken to by the other counsel in the cause, it will be necessary only to go to the third. The whole declaration is for a direct trespass : if so, it is not maintainable,on a conspiracy. The mode ought to have been by an •action on the case, or a writ of conspiracy, according to the register. That the present is a declaration in trespass cannot be doubted.- ,The beginning of each count is “ For “ that,” and not circuitous, as is necessary in actions on the case, which being for consequential damages, commence with “ For that whereas.” . This declaration therefore, cannot be in case: and if it be trespass, it will not lie. It will be found, on examining the authorities, that a bare conspiracy, without any act done in consequence, cannot be the foundation of any suit.- The first six counts, though they alledge conspiracy, and that the barn, &c. was burnt, do not charge us with it. If, in addition to this observation, there is any technical rule, by which this declaration will be deemed trespass, the court will apply it. In Scott v. Shepherd, 3 Wils. 403. 2 Black. 892, the court held vi et armis conclusive on the question ; here the words are against the peace of the people, which is tantamount. Are. Dot the Counts charging a direct injury to the plaintiff ? Do they not shew it in express terms ? If so, shall it be permitted the plaintiff, by adding the words conspiracy, &c. to use the declaration just as it suits his purpose ? as case to maintain the suit as a conspiracy ; and when objected to on account of form, to turn round and say it is trespass. If .it be so, it is the same as saying the defendants burnt the barn, and negatives that they caused it to be burnt. There
*310 is no method of supporting the declaration,.without first-setting aside all the rules of pleading which relate to tres» pass and conspiracy
Colden, Hoffman, and Munro contra. Wc shall first speak as to the award. It is nécessary that all awards should be final; and therefore either to be nonsuit or discontinue is insufficient, though to enter a retraxit is good. , These positions shew the nature of awards on this- point. That all' suits shall cease comes within the rule of a retraxit, but that a suit shall*be no further prosecuted cannot :■ the court,, however, will determine whether they are tantamount. But this is not the real ground of objection ; the one most relied on is, that the award is not of the matters which were submitted; that it differs from the submission. If this b& the case, it is void, and no averment in pleading, not even an affidavit of the arbitrators as to their meaning, can help it. For this the court will find- authorities in Bacon v. Dubarry, 12 Mod. 129. Dyer 242. b. Kyd on Awards, 207. The award must set forth, that it is on the matters-submitted, V/hut therrwas submitted ? has the award been made in pursuance? The arbitration bond mentions, “all ¿c questions, disputes and controversies, touching the de- “ struction of the said barn,” &c. It does not submit the question of that suit. The arbitrators were empowered to determine matters not the basis of that suit: yet they confine themselves to award on that, and determine against the plaintiff . The award begins, “ whereas, a certain suit? ascertaining what is meant by them. They then proceed and say, “ that the aforesaid suit shall be no further prose» cuted,” when tliey were to determine on all controversies. On this account, therefore, the award is -void; for the' submission was of all, and they have confined themselves to one. Besides, they only say, “ if he shall abide the award, and not on the premises.” From the case, it appears, the award was properly rejected ; it is not stated that any evidence was given on the trial, of any connexion between the suit then brought, and the suit referred to by the award. The rule laid down in Scott v. Shepherd, is bo doubt correct; that case decided vi et armis to be in
*311 trespass, where thé declaration is hot in those words, the action is in case : so here, it not being stated to be vi et armis, the suit must be considered as on the case" for a conspiracy, and every count,expressly alleges, that the act conspired to be done, was absolutely performed. Here the conspiracy is the git of the action, and that being found, the words “ against the peace,” &c. may be rejected. Com. Di. Title Pleader, E. 12. 1 Bac. Ab. 94. In Herne’s Pleader, 235, a precedent in point will be found; As then the contra pacem may be rejected, even allowing that the formal'commencement of each count “For that” is bad in case, it is settled wherever there may be the same plea, and judgment, different counts may be united.* Brown v. Dixon, 1 D and E. 276. Dickson v. Clifton, 2 Wils. 319. Mast v. Goodson, 3 Wils. 354. So here, as we have an alternative either to bring case or trespass, 3 Black. Com. ch. 12. p. 208, take it either as one or the other, it is well brought. But, at all events, it is now too late to take advantage of this informality ; intended to have been insisted on ; it ought to have been by way of demurrer to the declaration. The English authorities cannot apply exactly to the present case. By them, the civil injury is emerged in the felony : our state act† prevents that, and therefore nothing perfectly alike can be found in their books. That the verdict is . , , . contradictory, has not been touched on m argument, though made a point in the outset. If the position of the other side is true, there never can be a conviction upon one count of an indictment, where there is an acquittal on another. The trespasses in the several counts are supposed to be distinct; the finding, therefore, on, one, does not contradict that 011 the others, and the-plaintiff may take his verdict, and have judgment on that which is for him. The court may view this case now before them, as one with a dodble aspect; either to set. aside the verdict, or to arrest the judgment. The latter will never be done, where sufficient appears on the record to enable the court to pronounce. .On a general or special demurrer, it might have been otherwise. la Brown-
*312 low 70, a similar declaration is to befoünd; an action fof a conspiracy in the nature of case, ought to be Without vietarmis. Herne 71. 88. 147, is as here. The true dis-' _ tinctionhas already been taken between case and trespass^ and there is no other ; the latter is vi et armis, the other not. To answer the position, that in an action on the case there is always a recital, it will be enough to state,, that slander is without a recital.* This, therefore, proves that counts in case, begin as well with, as without one,. e ° . . and as it is now after verdict, against the peace must be , . . . rejected as surplussage, and then the declaration is plainty case. The contradiction in the verdict can be supported only by the court’s intending that all the counts ■ are for the same trespass, but no intendment is ever made to overturn a verdict.
Benson in reply. The counsel for the plaintiff contend that the declaration is right. That it is either case or tres-* pass : if riót good as one, then good as the other. But surely they ought to elect, in what suit they will proceed ;■ whether in trespass or in case. If in trespass, the award is clearly abar 011 their own position, as it was made in an action for a trespass: if in case, why conclude against the peace ? A plaintiff may count as he ^leases, but he can not say trespass is case, and case trespass. The suit must be one or the other, and cannot be both. Strike out all that relates to trespass, and then there never was such a declaration seen. If the action is for the consequence of burning and the injury, it is consequential reparation that is sought, and must be case. If it is for the actual burning, it must be trespass. It must be one or the other, and cannot be both, at'the fancy and will of the plaintiff. He cannot bring trespass, and call it an action in the nature of a conspiracy. But if one thing is to be rejected in sub- . stance and terms, and another to be added from intendment and supposition, a declaration may be made out of any thing. Trespass it cannot be, for the words in all the counts are conspiring and conspiracy: and case it cannot be, for they all begin and end in trespass. The authorities from Kyd 207 and 2 Lord Ray. will, on reading, be *313 found against Mr. Golden’s positions. The case stated .that we offered to give in evidence the award, and t-d prove that the matters submitted were the same as those charged in the trespass. This was overruled, the verdict therefore must necessarily be set aside.
Per curiam, delivered by Livingston J. This was an action of trespass for burning the plaintiff's barn.
The award was not considered as a bar to the present suit, by the judge at the circuit, under whose direction, to that effect, the jury found the defendants guilty, and we fire now to say whether this direction was right or not.
If the award was certain and final, it was a bar, and \ e should have been so received. To me it appears to possess both of these properties.
The arbitrators were to determine—
1. Whether the Delayans had destroyed the plaintiff’s bam, &c.
2. What retribution was to be made him for such destruction, If they thought the De.lavans innocent, then they were further to decide how they were to get rid of the plaintiffs claim, and be reimbursed for the expence which it had occasioned them. All these matters' were clearly within the submission.
These duties might be performed either in terms, by-awarding a certain sum to be paid by a fixed time, and «directing releases to be n»utually exacted, or by a mode of expression, which, although not so explicit, could convey no other meaning. When they order the suit to be jio farther prosecuted, and Purdy to pay the costs of it, and the expence of the arbitration, they hold a language which cannot be misunderstood, If that suit can be no further prosecuted, will it be right to permit the plaintiff to evade a decision made by judges of his own choice, by commencing another action for the same injury? Will this court permit to be done indirectly what they have ordered shall not be done directly ? Awards are more liberally interpreted than formerly. This relaxation is carried to such length, and very properly, that it is sufficient |f they are certain, according to a common intent,, and *314 cons"lstent with fair presumption. It is matter of surprise, that courts should ever have disturbed awards, when from the whole of them it was fairly to be collected, that the arbitrators proceeded on the matter submitted, and had decided every thing left to them. To an avidity of busir ness, or an excessive jealousy of the interference of laymen, in matters which they deemed exclusively of their own province, mus.t be imputed their readiness to listen to objections against decisions of this kind, and to set them aside under pretence of their being uncertain or inconclusive. More •enlarged views at length prevailed, and judges discovered a laudable solicitude to maintain these extrajudicial determinations, and thus put an end to controversies, if this could be done without violating certain fundamental rules, from which it was thought unsafe to ¡depart. If certain to a common intent, and final, courts will not easily be induced to depart from them, and send the parties to a new litigation,. That the award before us has these .characteristics, can hardly be doubted.-— Whoever runs, may read and understand. It expressly states that the arbitrators proceeded on the matter submitted, and if their directions, which are intelligible to any capacity, are pursued with good faith, their decision will be final, as well as certain; for, nothing more is necessary to render them so, than thé plaintiff’s not prosecuting further his suit or action, by which may be understood, his claim on this account, and paying the sum mentioned. The cases in 1. Burr;. 274. and ip Lord Raymond- 060» admitted of mo.re doubt, and yet those awards were adjudged certain and final. In my opinion, therefore, this award ought to have been regarded as a bar, and the jury should haye .been directed accordingly. On this ground, I am for a new trial, which renders it unnecessary to examine whether the verdict be contradictory or not. There was also a motion in arrest of judgment, but if a new trial be granted, and the present verdict set aside, this application cannot prevail, and therefore it may be unnecessary to express an opinion op the grounds of it: but as this question was fully argued* *315 and may possibly come before us again, I am ready to say that if a new trial had not been granted, I should not have been for arresting the judgment. Trespass, in my opinion, is the proper remedy for a direct and immediate injury of this kind, and the present resembles that species of action more than any other. It is true, it is somewhat out of the common form, and that some expressions are found in it not appertaining ;to actions of trespass, and which give it the appearance of an action for a conspiracy. But after verdict, I should reject these expressions as surplussage, rather than cause judgment to be arrested.
Kent,-J. I coincide in the opinion given, but shall state my reasons a little more at large. The defendants’ motion is for a new trial, and in this application is united a motion in arrest of judgment. I shall consider only the first, and in this the great question is, whether the award ought to have been received in evidence, as a bar to the •present suit. If the award in question be good and valid, in pursuance of the submission, it may undoubtedly be given, or pleaded in evidence; as this suit is for the same matter, which was the subject of the submission.
Awards are to be liberally construed, because they are made by judges of the parties’ own choosing. But they must have two properties. They must be certain, and final. This certainty, however, is judged of only according to a common intent; consistent with fair and probable presumption. In the present case, the bonds of submission recited, that the plaintiff’s barn had been burnt, and that he had instituted a suit against the defendants, and the wife of one of them, for burning the same, which charge they had denied ; that the parties had agreed to discontinue the suit, and submit all questions and controversies touching the destruction of the barn, and the damages, &c. to arbitrators. The awards stated, that a certain suit had been commenced, as aforesaid, for burning the barn, and that, for putting an end to the suit, the parties had, by their bonds as aforesaid, submitted to the award and final determination of the arbitrators. That the arbitrators, taking upon themselves the burthen of the sub-
*316 mission, and having fully examined, and duly considered the proofs and allegations of the parties, did award, that the said suit should he no further prosecuted, and that the plaintiff should pay to one of the defendants, 14 dollars 68 cents, for his costs and expences in defending the suit, and attending the arbitration.
On this statement of the substance of the submission and award, it appears to me, that the reasonable and common intendment, from the language of the award is, a determination of the merits of the cause. The present cause of action was fully and explicitly submitted. The award refers to the bonds of submission, and, of course, the arbitrators had their eyes fixed on the merits of the complaint, and the intent of the submission. The award states, that the proofs and allegations of the parties had been examined and considered ; of course, the merits must have been fully heard. It then adjudged, that the said suit shall be no further prosecuted, and that the plaintiff shall pay the costs. This award could not have intended merely a cessation of the suit referred to in the bond and award, with liberty to institute afresh suit on the same matter. This would have rendered the award altogether useless and absurd. The bonds had stated already, that the parties had agreed to discontinue the suit. The palpable intent and meaning of the award was, that the charge of the plaintiff was not supported, and that the same should be no further prosecuted, and should for ever cease. We are to consider the award as drawn up by men who were not skilled in technical language, and that it refers to, and is bottomed upon the bonds of submission, which had declared the agreement of the parties to he, that the then existing suit should be no further prosecuted ; that the parties, by their proofs and allegations, must have furnished the arbitrators, with a full discussion and knowledge of the merits of their controversy.; that the law requires awards to be liberally and favorably expounded; so that they may answer the purpose for which they were intended; and under these considerations, we cannot doubt of the intent of these words, “that the said suit shall *317 ®* be no further prosecuted.” It was as if they had said, the defendant shall be no further prosecuted upon the charge ; for, why say the existing suit should be no further prosecuted, if no more was meant than what the parties had already agreed to do? why say that the suit shall not be further prosecuted, and the plaintiff pay the costs, if a new suit may be immediately brought ? There was no possible use in such an award. It would not answer the terms or intent of the submission. Such a literal interpretation has no reason to support it. It would not be liberal or favorable. It would not be judging the award by a common intent, nor rendering it consistent with probable presumption. It would be contrary to the modern established rules of interpretation, and is, consequently., to be rejected.
It has indeed been held, that an award, declaring that a party should be nonsuited in an action he had brought , . ° against the other, was not good, because it was not putting a final end to the controversy, as a nonsuit was no bar to a new action. Upon this case, it has been observed, that had this been a new point, and res integra, it might have been said, in analogy to the construction put on other cases, that he who suffered a nonsuit, but afterwards brought another action, nominally performed the award, but in substance was guilty of a breach. The word non-suit, has, however, become so peculiarly appropriated, to express one particular idea, that its meaning cannot be extended. But if an award be, that an action be discontinued,, this is held to be good and final, although a discontinuance does not, in a technical sense, bind a party from bringing a new suit. This is a case strongly bearing upon the present ; for, awarding that a suit shall be no further prosecuted, is equivalent, at least, in strength and efficacy, to saying that such suit shall be discontinued. So, an award that a suit in chancery between the parties-should be dismissed, was good and final; for, it must be understood that it shall be dismissed and cease forever ; that is a substantial dismission and cesser, and not the shadow of one.
*318 So, an award that all suits between the parties shall cease is good; for the meaning is not that the party should give over and begin again, but that the suit should cease absolutely forever, so that the right itself is gone with the remedy. The same construction was given to these words in an award, that all suits which are prosecuted by the plaintiff against the defendant, shall cease.
The only authority I have met with, which holds up a contrary interpretation, is that of Tipping v. Smith, Stra. 1024. There it was held, that an award that all manner, of proceedings, if any, depending at law, should be no further prosecuted, was not good, because not final. This is a very short and imperfectly reported case, and it is against the general current of authorities I have alluded to. Considering, therefore, the benignity with which awards are of late expounded, and the sense and justice of the one construction, in preference to the other, I cannot permit it to have any influence upon the other decisions. The cases appear to me, therefore, to be in coincidence with the reason of the thing, and to require the interpretation I have given to the award; that, according to a common intent, the design and operation of it is a final cesser of the controversy submitted. There is no ground for a distinction, that an award which shall say a suit shall be discontinued, or dismissed,, or shall cease, is good, and an award which shaíl say a suit shall not be further prosecuted is not good. The force and effect of the expressions are the same.
But it was objected at the argument, that the award was not of the matter submitted. This, however, is a mistake. Both the bond and award state, that a suit had been instituted for burning the barn, and the bond states, that for putting an end to all questions and controversies concerning that charge, the submission was made. Putting an end finally to the-suit concerning the barn, was putting an end to the controversy. The award was, therefore, as I understand it, strictly concerning the premises. In one of the cases already referred to, the parties submitted all controversies between them to arbitrators, and the award *319 was, that all suits which were prosecuted by the one party against the other, should cease, and it was held good.
It may not be unnecessary to notice another rule applicable to awards, which is, that they must he mutual, or not give an advantage to one party, without an equivalent to the other. But this mutuality is nothing more, than that the thing awarded to be done, should be a final discharge of all future claim by the party in whose favor the award is made, against the other, for the causes submitted, or in other words, that it shall be final. Thus in Baspole’s case the submission was general, of all matters and demands; and the award was, that one party should pay to the other a certain sum in consideration of a debt long due, and for his costs, and said no more. The award was held good ; for the one party received the money, and the other was discharged from the debt, which was a sufficient reciprocity. So where a certain alledged trespass ivas submitted to arbitrators, to arbitrate concerning the said trespass, and divers suits concerning the same, pending between the parties, and the award ivas, that the defendants should pay a certain sum and certain costs in and about the suit arising; it was objected, that the award ivas on one side only, for it directed nothing as to the other party, there being no releases awarded, nor words of satisfaction used : but the award was, upon demurrer, held good, and therefore it may now be safely laid down in the words of Mr. Kyd, that an award need not contain any equivalent terms; for a discharge to the other party must necessarily be presumed from the payment of the sum, or the performance of the act. As I hold the award to be good, it goes to the determination of this cause, and it will be unnecessary for me to consider the other point that was raised at the argument. I accordingly conclude, that the evidence offered ought to have been received, and considered as a full and effectual bar to the present suit, and that the verdict ought to be set aside for misdirection, and a new trial awarded, with costs to abide the event.
Lewis, C. J. This is, substantially, an action by the plaintiff against the defendants for consuming by fire, his *320 barn, together with its contents. The declaration contains seven counts. The first, charging that the plaintiff being seized and possessed of a certain close and barn, containing certain quantities of hay, grain, &c. the defendants, by • conspiring, did cause and procure the said barn, &c. to be set on fire, consumed, and destroyed. The second variant from the first, in charging, that the defendants did conspire and agree to set fire to, and did cause and procure, ike. and that the said barn, with its contents, was set 011 fire and consumed in consequence thereof. The 3d, 4th, 5th, and 6th counts do not vary essentially from the first and second. The seventh and last count, charges the defendants with a conspiracy and agreement to set on fire, &c. and an actual burning and destroying bp them, in consequence thereof.
To this declaration, the defendants pleaded the general issue, and gave notice, that on the trial, they -would give in evidence, in their discharge, a certain arbitrament, and award between them and the plaintiff, on the subject matter of the present suit, and a performance on the part of the plaintiff.
On the trial, at nisi prius, the submission and award were read in evidence, but the judge, not supposing it sufficient to bar the plaintiff’s action, so directed the jury, and they found a verdict for him.
To avoid the effect of this verdict, two motions are now before the court. The one for a new trial, the other in arrest of judgment.
In support of the first, it is contended, that the award was conclusive between the parties, and ¡that the jury ought to have been so instructed.
The bond of submission states, that the plaintiffs had commenced a suit in trespass against the said Mathew De-Javan, Samuel, his son (who appears to be an infant) and Hannah, the wife of the said Mathew, for breaking and entering his close, burning his barn, &c. that the parties, viz. the plaintiff and Mathew, had mutually agreed to discontinue the said suit, and to submit all questions, disputes and Controversies, touching the destruction of the said barn, *321 anti the contents thereof, and the damages the said Eben-,1 -i i-i i , „ . ezer had sustained, to the judgment and award of three arbitrators.
These arbitrators in their award, after reciting the pen-deuce of the said suit, and the submission of the parties' for putting an end thereto, award that <c the said suit shall “ be no further prosecuted, and that the plaintiff shall pay “ the defendant Mathew, gl4> 68 cents .in full for costs and ££ expences.”
Awards are, at the present day, construed with much greater liberality than formerly ; and from a current of thorities, it appears to be now held that an award that a suit shall cease, or be no further prosecuted, not only arrests such suit, but also takes away the right of action on which such suit was founded.
But though this be the effect, it is necessary that such award have the. essentials to a good one. It must, in some cases, be mutual, in every case certain, and final between the parties. It must be also on the matter submitted. The award before us, appears to me to want many of these essentials. It is one in which mutuality is essential, and hath not been regarded. It is not final, nor on the matter submitted. Nothing is awarded to be performed on the part of Mathew Delavan. Not even to give a receipt in full on payment of the g!4, 68 cents. Nor are his hands, nor those of his son, tied up from bringing a suit, or suits against Purdy for any injury sustained, by the charge made against them, or for the suit brought against them beyond costs and actual expences. The then pending suit was no part of the submission. It is expressly stated in the bond, that that ivas, by previous agreement between the parties, to be discontinued.
I therefore think, the direction to the jury was right, and that the motion for a new trial must be denied.
In support of the motion in arrest of judgment, two po» sitions are advanced.
1. That the finding of the jury is'repugnant and contradictory. This was also made a ground on which the motion for a new trial was founded*
*322 2* That the plaintiff has misconceived his action, and, perhaps, blended actions of different species.
If all the counts in a declaration, are to be considered as constituent parts of one cause of action^* there would be some foundation for the first position ; though, even in that case, I should doubt its vitiating the verdict. For the meaning of the jury is, that the defendants did cause' the barn to be burnt by conspiracy, but did not do it with their own hands; and it is not to be expected of them, that they shall be acquainted with principles or maxims of law. But a conclusive answer is, that the counts of a declaration are wholly unconnected, each being considered as a distinct declaration, and if a jury give a verdict on a single count, where there are several, without noticing the others, it will be good, provided they find all that is in issue on that count.
The only remaining- questions are, whether the plaintiff has misconceived his action, or has blended distinct species of actions.
On the argument, the counsel for the plaintiff wereunwilling to say whether they considered their suit in trespass or in case. The last count is in trespass beyond doubt,- and I think there is not much doubt that the other six are equally so, and that the conspiracy is mere matter of inducement, or perhaps surplussage. They have tv/o of the characteristics of trespass. The charges are direct without recital, and the injury complained of is stated with a contra pacem. It only remains then, to enquire whether this action will lie, or whether case is the appropriate remedy. Where the action is founded on tort, theboundaxy between case and trespass is faintly delineated, and not easily discerned. The most marked distinction is, where the injury is immediate, and where it is consequential. There are also others (which will not, however, apply to all cases) as where it is accompanied with force, and where it is not; where it is done on the immediate possesion of the plaintiff, and where done elsewhere, though it damage such possession. In the case before us, the injury, if any, was accompanied with force.
*323 It was done on the possession of the plaintiff, and must have been accompanied with an unlawful entry. It was ' immediate; for whether done by the defendants, or by their procurement, they are equally principals,' and the maxim of qui facit per alium, facit per se, will apply to them. Nor will it, in my opinion, vary the case, though the conspiracy, and not the- burnings should be considered the git of the action. For, in that case, the burning must be considered as introduced under a per quod, which, the form of each of the six counts will warrant.
I have not been able to meet with any authority which determines, that trespass will not lie for a conspiracy to commit a trespass, where an actual trespass is the consequence. It differs materially from the case of a conspiracy to cause a person to be indicted or arrested ; for there the intervention of an intermediate agent, who cannot be implicated in the guilt, is essential to the injury. Here the intermediate agent, if any is resorted to, is the mere instrument in the hand of the principal, and the injury is emphatically his own.
But what puts this question at rest, in my opinion, is, that after verdict, the court never will, in a case where the line is so nicely drawn, enquire whether the facts will warrant trespass or case. Such was the decision in Slater v. Baker and Stapleton, recognized in Scott v. Shepherd, by justice Blackstone, who, while he differed in . ... , ’ ’ , r opinion from his brethren, declared, that alter verdict, the court will not look with eagle-eyes, to spy out a variance.
I am therefore of opinion, the plaintiff ought to have judgment according to his verdict.

 the process,pica and. judgment are different, nou^jotoeff' 1“'^^ ®F£¡^

 The act for regulating certain proceedings in criminal case, 21st March, 1801, c. 60, S. 19 1 vol. Rev Laws N.Y 26. p.

The researches of the reporter have not led him to any precedent nn’t tiib posi-" 11011'