# Wheeling.

FISHER v. THE MAYOR, RECORDER, &c., OF THE CITY OF CHARLESTON.

SAME v. SAME.

SAME v. SAME.

Decided April 2, 1881.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

1. In this State the court may issue an alternative writ of *mandamus* upon the filing of the petition without issuing any previous rule to show cause why a *mandamus* should not be awarded, though the court may in its discretion in a particular case decline to issue an alternative writ of *mandamus*, until a rule to show cause why a *mandamus* should not issue has been issued and returned.

2. Upon a petition sworn to, setting forth that the plaintiff has obtained a certain judgment against a city, and that an execution on such judgment has been issued and returned "no property found," and that the plaintiff knows of no property of the city, out of which such judgment can be made, the court ought to award an alternative writ of *mandamus*.

3. Such alternative writ of *mandamus* should issue, though the prayer of the petition erroneously. asked, that a writ of *mandamus* might be awarded against the treasurer, mayor, recorder and councilmen of the city, commanding them to levy a tax upon the taxable property within the corporate limits of the city sufficient to satisfy the plaintiff's judgment, interest and costs, or show cause why they should not do so.

4. Such alternative writ of *mandamus* should not issue against the treasurer of the city, but should issue against the city by its corporate name, and should command it by its mayor, recorder and councilmen, naming them, to levy a tax upon the taxable prop-

erty within the corporate limits of the city sufficient to satisfy the plaintiff's judgment, interest and costs and to set it aside to pay the same, or show cause why they should not do so.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

5. It would be erroneous to include in such a *mandamus* an order directing the tax so set apart to be paid over, as the mayor, recorder and councilmen are not authorized to pay debts. This can only be done by the treasurer.

6. The peremptory writ of *mandamus* must strictly follow the command of the alternative writ of *mandamus*.

7. The alternative writ of *mandamus* should have a preamble or inducement preceding the commanding clause, which should set out all the facts necessary to make out the plaintiff's case with the same certainty and precision, that is required in a declaration in an ordinary suit. But such facts are stated by way of recital or after a "whereas," and are not required to be stated otherwise as in an ordinary declaration.

8. Such inducement in such a case should set out, that it is represented, that these facts exist: first, the obtaining of the judgment; second, that an execution was issued thereon and had been returned "no property found; " third, that the city had no property out of which the judgment could be made ; fourth, that the judgment, nor any part thereof, had been paid ; and last, that the city was a municipal corporation, authorized by law by its mayor, recorder and councilmen to levy a tax on all the property within the corporate limits of the city and to set it apart for the payment of plaintiff's judgment, &c. And these facts should be stated with the precision requireden stating necessary facts in a declaration in an ordinary suit.

9. When several judgments have been obtained against a city by the same plaintiff, who at or about the same time institutes against it several *mandamus* proceedings to enforce the payments of such judgments, and upon a rule to show cause why they should not be consolidated it appears, that there is but one and the same defence in each of the cases, an order should be made to consolidate them, though the judgments were rendered at different times; and but one set of costs should be taxed, whether incurred before or after the order of consolidation, if but it appears, that the plaintiff had reason to believe, and did believe, that theret would be different defences in the several cases, the court should direct, that the order of consolidation should not affect costs previously incurred, otherwise it should not so direct.

10. In this State, if the defendant fails to make a return to an alternative writ of *mandamus*, there is no obligation on the court to compel the making of such return by rules and attachments;

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

but the court may at once issue a peremptory writ of *mandamus*, or it may in a proper case enlarge the time in which the defendants may make a return.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Kanawha, rendered on the 16th day of June, 1879, in three consolidated suits in said court then pending, in each of which Henry J. Fisher was plaintiff and the mayor, recorder and councilmen of the city of Charleston were defendants, allowed upon the petition of said defendants.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

In the first of these cases Henry J. Fisher presented to the Hon. Joseph Smith, judge of the circuit court of Kanawha, in vacation on August 18, 1878, his petition setting forth, that he had obtained against the city of Charleston a judgment in the county court of Kanawha county on January 15, 1878, for $304.85 with interest from that date and $11.10 costs. An execution was issued on said judgment and returned "no property found;" and he knows of no property of said city of Charleston out of which he can make his said judgment; and· he prays, that a writ of *mandamus* be awarded him against the mayor, recorder, and councilmen of said city, naming them, and against the treasurer of said city, naming him, returnable to the then next term of the circuit court of Kanawha, commanding them to levy a tax upon the taxable property of said city of Charleston sufficient to satisfy said judgment, interest and costs, or show·cause, if any they could, why they should not do so. The petition recites, that the mayor, recorder and councilmen under the laws of the State of West Virginia constitute the corporation called the "city of Charleston." This petition was supported by affidavit.

On its presentation the judge in vacation ordered, that a writ of *mandamus* should issue against the mayor, treasurer, recorder and councilmen of said city of Charleston returnable to the circuit court of Kanawha county on the first day of the next term, commanding A. P. Gates, treasurer of said city, to pay over to the said Henry J. Fisher any money in his hands otherwise unappropriated not exceeding the amount of the judgment of the plaintiff against the said city of Charleston, describing it, and for want of said funds commanding the said mayor, recorder and councilmen to levy a tax upon the taxable property of said city within the corporate limits of said city, sufficient to satisfy the said judgment, interest and costs, and set apart the proceeds of said tax for the payment of the said judgment, interest and costs, and to pay over the proceeds to the said plaintiff, or show cause, if any they can, why they should not do so.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c ,
of the City of
Charleston.

Same v. Same.

Same v. Same.

Thereupon the clerk of said court issued an alternative writ of *mandamus* on September 4, 1878, which recited, that Henry J. Fisher had appeared before the judge of the circuit court of Kanawha county in vacation on August 18, 1878, and presented his petition against the mayor, recorder, treasurer and councilmen of the city of Charleston praying, that a writ of *mandamus* should issue against them, and that on said day said judge had ordered said writ of *mandamus* to be issued. The writ then proceeded to command the parties following strictly the language used in the order of the judge made in vacation. This alternative writ of *mandamus* was duly served on all the defendants and duly docketed, and afterwards during the same term of the court on motion of Henry J. Fisher was amended, first, by striking out the name of A. P. Gates, treasurer, as one of the parties, to whom the writ was addressed, and by changing the recitals in the writ by inserting in lieu of a portion thereof: "and whereas it appearing by the petition and affidavit of the plaintiff, that he recovered a judgment against the city of Charleston on the 15th day

of January, 1878, in the county court of Kanawha county, State of West Virginia, for the sum of $304.85 with interest thereon from said 15th day of January, 1878, until paid and $11.10 costs of suit; that execution had been issued on said judgment, and had been returned by the sheriff of Kanawha county ' no property found,' and that said judgment is wholly unpaid, and that the said city has no property out of which said judgment can be made, and that said city is a municipal corporation, and that its affairs are managed by its mayor, recorder and councilmen, as named in the caption of said writ, who perform all the duties of the corporation in relation to levying and collecting and paying its debts, and whereas by order of the judge of the circuit court of Kanawha county made on the 18th day of August, 1878, under his hand said writ of *mandamus* was directed to be issued, we therefore command you," &c.

The defendants objected to this amendment being made, and after it was made, moved to quash the alternative writ as amended. About the same time this petition was filed, two other similar proceedings were instituted by the plaintiff, Fisher, against the same defendants to enforce severally the payments of two several judgments of the county court of Kanawha against the city of Charleston in his favor, one for $104.88, with interest from January 15, 1878, and costs, and the other for $303.00 with interest from December 23, 1876, and costs. These are the two other cases included in the writ of error before this court. The proceedings in these two cases were except in the amount and date of the judgments of the plaintiff, the payment of which was sought to be enforced, in all respects alike. Similar proceedings were instituted about the same time to enforce the payment of a fourth judgment of said county court in favor of the plaintiff for $52.89 and costs. In this case to the *mandamus nisi*, the defendants filed a return alleging the payment in full of said judgment. No such return was made in the other cases.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.
Same v. Same.

After these proceedings had been had, on May 19, 1879, the court awarded a rule against the plaintiff requiring him to show cause if any he can, why these four cases should not be consolidated at the plaintiff's cost. This rule was based on the affidavit of the mayor of Charleston to the effect, that these four proceedings were instituted at the same time by the same plaintiff against the same defendants, and all instituted and prosecuted for the same purpose, to compel a levy by the city of Charleston to pay four several judgments of the plaintiff, and that he could have received just as ample redress in one proceeding as in the four. In another affidavit the said mayor states, that the defences in the three cases now before our court were the same, and the proceedings in them were precisely the same. The record in the other, the fourth case, shows, that the defence was different, nor were the proceedings like those in the other cases in important respects. The circuit court on the hearing of this rule decided, that these causes now before us should be consolidated and tried together as one cause, but it declined to consolidate them with this fourth cause; and it was further decided by the court, that this consolidation should not affect the costs already incurred; but thereafter only the costs of one proceeding should be taxed. The defendants excepted to the cases not being consolidated at the plaintiff's cost. The defendants demurred to each of the alternative writs in these cases, and issue thereon was joined, and they also moved the court to quash these alternative writs. And the plaintiff moved for a peremptory writ of *mandamus* in each of these cases.

The plaintiff subsequently suggested a change since the institution of these proceedings in the councilmen of said city of Charleston, giving the names of the new councilmen, which suggestion was sustained by affidavit, and thereupon the court ordered, that these cases be hereafter prosecuted against the newly elected officers and councilmen, their names being given. The defendants,

80

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

after these three causes were consolidated, also asked leave of the court to demur to the petitions in these three cases, which the court refused to permit them to do ; and to this they filed a bill of exceptions.

On June 16, 1879, the circuit court rendered its final judgment in these three cases, which was as follows:

"This day came again the parties, by their attorneys, and the demurrer of the defendants to each of the alternative writs in these causes being submitted to the court, is overruled, and the defendants' motion to quash each of said writs, being also submitted to the court, is overruled, and the alternative writ of *mandamus* having been regularly issued in each of the foregoing causes, and served on the mayor, recorder and on each of the councilmen of the city of Charleston, commanding them to levy a tax upon the taxable property of said city sufficient to satisfy the respective judgments, interest and costs set out in each of the said writs, or show cause why they should not do so, and the return day for each of said writs having passed, and no return having been made by the said defendants to either of said writs, on motion of A. Burlew, attorney for Henry J. Fisher, it is ordered that a peremptory writ of *mandamus* issue out of and under the seal of this court, directed to C. J. Botkins, mayor of said city of Charleston, Joseph L. Fry, recorder of said city of Charleston, and John C. Ruby, J. D. Baines, E. S. Irwin, W. S. Laidley, R. S. Carr, L. Wehrle, R. R. Delaney, Silas Morgan and W. Ira Oakes, councilmen of said city, they the said mayor, recorder and councilmen, now constituting the corporation called the city of Charleston, commanding the said officers and councilmen to immediately levy a specific tax upon the taxable property of the said city of Charleston within its corporate limits sufficient to satisfy the following judgments, interest and costs, and the costs of these writs, to wit : The judgment of Henry J. Fisher against the city of Charleston for $304.85, with interest thereon from the 15th day of January, 1878, until paid, and $11.10, costs of said suit, aggregating $341.85.

the judgment in favor of the same party and against the same party, for $104.88, with interest thereon from the 15th day of January, 1878, until paid, and $11.10, costs of said suit, said judgment, interest and costs aggregating $124.89; the judgment in favor of the same party and against the same party, for $305.00, with interest thereon from the 23d day of December, 1876, until paid, and $21.00, costs of said suit, said judgment, interest and costs aggregating $368.84. And that they do cause the said specific levy to be collected, and to set apart the proceeds of said levy for the payment of the said judgments, interest and costs, and the costs of these writs, and to pay over the proceeds of said levy to the plaintiff by the first day of the next term of this court, and that they make return to this court on said last mentioned day how they have complied with this mandate in the premises. And that said Henry J. Fisher recover his costs by him in these proceedings expended, including an attorney's fee of $10.00."

To which judgment a writ of error and *supersedeas* have been awarded by this Court.

*Smith & Knight,* for plaintiff in error, cited the following authorities:

High Ex. Rem. § 448; *Id.* § 450; Dillon Mun. Corp. § 694; 12 W. Va. 511; 10 W. Va. 20; High Ex. Rem. § 41; *Id.* §§ 12, 9, 440, 519, 522, 542, 552; Dillon Mun. Corp. §§ 694, 698, 699, 712; 5 W. Va. 544; 12 Gratt. 292; High Ex. Rem. § 537.

*A. Burlew,* for defendant in error, cited the following authorities:

High Ex. Rem. § 4; 24 How. 97; 6 Wall. 180; Code p. 570; Moses Man. 206; High Ex. Rem. §§ 537, 538; Moses Man. § 205; 12 Gratt. 292, 302; High Ex. Rem. § 503; Moses Man. § 207; High Ex. Rem. § 519; 3 Rand. 481; 5 W. Va. 232; High Ex. Rem. §§ 441–443 and notes; Moses Man. 199, 200; 9 Wall. 298.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

GREEN, PRESIDENT, delivered the opinion of the Court :

In the case of *Henry J. Fisher* v. *The City of Charleston*, just decided by this Court, a rule was awarded to show cause why a *mandamus* should not be issued. In this case no such rule issued; but on the filing of the petitions alternative writs of *mandamus* at once issued. The old English practice was to issue a rule to show cause why a *mandamus* should not issue, before an alternative writ of *mandamus* was issued ; and this was formerly the practice in New York. See *Commercial Bank* v. *Canal Commissioners*, 10 Wend. 25 ; *People* v. *Judges of Washington*, 1 Caines 311. But in this country this previous rule is often dispensed with, as the alternative writ itself is in the nature of a rule to show cause why a peremptory writ of *mandamus* should not issue. See *Murphy* v. *Wentworth*, 36 Tex. 147; *Attorney Gen. Ex. rel. Cushing* v. *Sum*, 2 Wis. 381. In *The Dinwiddie Justices* v. *The Chesterfield Justices*, 5 Call 556, it was decided, that it was essentially necessary, that a rule to show cause why a *mandamus* should not be awarded should be issued before an alternative writ of *mandamus* was issued. In *Sights* v. *Yarnalls*, 12 Gratt. 302, it was decided, that in that case there was no irregularity in awarding the alternative writ of *mandamus* without any previous rule upon the party to show cause against the awarding of a *mandamus*. In *Douglass & Woodward* v. *Loomis, judge*, 5 W. Va. 544, President Berkshire says : " The invariable practice seems to have been to apply in the first instance by suggestion or motion supported by affidavit to the court having jurisdiction for a rule against the defendant or person refusing to do the act required to be done by the complainant, to show cause why a *mandamus* should not issue against him."

This may be true as to the English practice, but it certainly is not true, as we have seen, as to the practice in some of the States of this Union. Nor is it universally true as to the practice in Virginia, as is shown by

the case of *Sights* v. *Yarnalls*, 12 Gratt. 302. Nor is it invariably true as to the practice in West Virginia. In the case of *Bridges* v. *Shallcross*, 6 W. Va. 562, and *Shields & Preston* v. *Bennett, auditor*, 8 W. Va. 72, this Court awarded alternative writs of *mandamus* without issuing any previous rule to show cause why a *mandamus* should not issue. The issuing of such previous rule is ordinarily useless and produces delay without any corresponding benefit. The practice in this State as settled by these authorities is, that the court may issue the alternative writ of *mandamus* upon the filing of the petition without issuing any previous rule to show cause why a mandamus should not be awarded, though doubtless the court may, if it deem it proper, in a particular case decline to issue an alternative writ of *mandamus*, until a rule to show cause has been first issued and returned.

In the cases before us the court did not err in ordering the issuing of alternative writs of *mandamus* on the filing of the petitions without first issuing a rule to show cause why a *mandamus* should not issue.

But the plaintiff in error insists, that the petitions in these cases were so defective, that the court ought not to have ordered upon them the issuing of any alternative writs of *mandamus*. The petitions set forth, that the plaintiff had obtained the several judgments against the city of Charleston, that executions had issued on them and had been returned "no property found," and that the plaintiff knew of no property of the city of Charleston, out of which he could make his several judgments. This stated all the facts, which *prima facie* entitled the plaintiff to a writ of *mandamus*; and this is all, that it is necessary for the plaintiff to state in his petition. See *Fisher* v. *The City of Charleston supra.* In that case the facts stated in the petition were the same as those stated in the petitions in these cases, and they were held sufficient. It is true, that in these cases the plaintiff in his several petitions prays, that a writ of *mandamus* be

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

Syllabus 1.

Syllabus 2.

Syllabus 3.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder. &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

awarded against the mayor, *treasurer*, recorder and councilmen of Charleston (naming them severally) returnable to the circuit court of Kanawha at its next term, commanding them to levy a tax upon the taxable property within the corporate limits of the city of Charleston sufficient to satisfy the petitioner's several judgments, interest and costs, or show cause, if any they can, why they shall not do so. We will presently see he was not entitled to have such an alternative writ of *mandamus* awarded, though he was entitled to have a different alternative writ of *mandamus* issued on his petition.

But the petition forms no part of the pleadings in a *mandamus* case. It is only the basis, on which the alternative writ of *mandamus* is awarded. It is a convenient substitute for a motion for a *mandamus nisi* supported by an affidavit, which was formerly the usual mode of proceeding; and as then, though the plaintiff on filing the affidavit might move for an alternative writ of *mandamus,* such as he was not entitled to, yet if the facts disclosed by the affidavit justified the issuing of an alternative writ of *mandamus,* different though it be from what the plaintiff asked, yet the court would award him such an alternative writ of *mandamus* as he was really entitled to. So if the petition sworn to set out facts entitling the party to an alternative writ of *mandamus,* the court should award it, though the prayer of the petition was for a different *mandamus.* The material part of such a petition are the facts stated and sworn to and not its exact prayer. *Fisher* v. *The City of Charleston, supra.*

The next enquiry is: Was the alternative *mandamus* awarded in this case such as the court on these petitions should have awarded? If not, they should have been

quashed, when the defendants afterwards moved to have them quashed. The *mandamus nisi* or alternative writ of *mandamus* in each of these cases commanded the treasurer to pay over to the plaintiff any moneys in his hands otherwise not appropriated, not exceeding his

judgment, interest and costs, and if for want of funds he did not pay the same, then it commanded the mayor, recorder and councilmen to levy a tax upon the taxable property within the corporate limits of the city of Charleston sufficient to satisfy said judgment, interest and costs, to set apart the proceeds of such tax for the payment of the same, and pay over said proceeds to the plaintiff, or show cause, if any they could, why they should not do so. This is such a *mandamus* as ought not to have been awarded, for the following reasons:

First. Because, though there were unappropriated funds in the hands of the treasurer, it was not his duty to pay them over on the plaintiff's judgment, unless they had been previously appropriated or set apart by an order of the council to the payment of the plaintiff's judgment. There might well be other judgments equally or better entitled to be paid out of such unappropriated funds. And until set apart or appropriated by an order of the council, the treasurer ought not to apply them to the payment of any particular judgment; and even if they had been so appropriated by order of the council, it may be questionable even then, whether if the treasurer refused to pay them on the judgment, he should be enforced to do so by *mandamus*. Perhaps the true remedy of the plaintiff in such case might be an ordinary common law suit against the treasurer. But there being no such order of the council, it is clear, that it was not the duty of the treasurer to pay this judgment out of such unappropriated fund; and therefore no *mandamus* could issue against him commanding him to do so.

Secondly. This *mandamus* should not have been awarded, because the *mandamus* against the mayor, recorder and councilmen is also erroneous. It requires them to levy a sufficient tax to pay the plaintiff's claim and set it apart for its payment *and pay over to him the proceeds thereof.* It was not the duty of the common council to pay over the proceeds of such tax to the plaintiff, nor had they the power to do so. The proceeds of such tax

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

Syllabus 5.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

Syllabus 6.

Syllabus 7.

passes by law into the hands of the treasurer, and he alone could pay it over to the plaintiff. All that the common council could do was, to levy a sufficient tax to pay the plaintiff's judgment, interest and costs, and to set aside and appropriate the proceeds of such tax to the payment thereof; and they should not in the alternative *mandamus* have been ordered to do more, or show cause why more was not done. For it is well settled that the command inserted in the alternative writ of *mandamus* must be strictly followed in the peremptory writ of *mandamus*, and it can not be varied or modified. If all that is asked in the alternative writ cannot be granted, nothing that is asked will be granted. See *Regina* v. *The East and West India Dock and Birmingham Junction Railway Co.*, 2 El. & Bl. 473; *Regina* v. *Tithe Commissioners*, 14 Q. B. 459, (E. C. L. R. 68); *Chance* v. *Temple*, 1 Ia. 195; *The State of Iowa ex rel Dox.* v. *The County Judge of Johnson County et al.*, 12 Ia. 242; *State ex rel. Hasbrouck* v. *The City of Milwaukie*, 22 Wis. 398; *Chipman* v. *Todd*, 60 Minn. 281, 282; *The People* v. *The Supervisors of Dutchess*, 1 Hill 55.

There are defects in the commanding clause in the alternative writs of *mandamus*; but these are not the only or even principal defects in these alternative writs of *mandamus*. Every alternative writ of *mandamus* should have an inducement preceeding the commanding clause, which inducement should set out all the facts on which the plaintiff bases his right to demand a *mandamus*. This is an essential part of every alternative writ of *mandamus*. It really constitutes the plaintiff's declaration in the case, and the return is the defendant's plea. This inducement therefore should state all the necessary facts to entitle the plaintiff to the precise redress he asks with the same degree of certainty as a declaration in a common law suit. See *McReagie et al.* v. *Wm. Ruth, Mayor*, 22 Ohio St. 371; *The People* v. *The Supervisors of Westchester*, 15 Barb. 607, 613; *The Commercial Bank of Allegheny* v. *The Canal Commissioners*, 10

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

Wend. 25; *The People* v. *Ransom*, 2 Comst. 490; *Canal Trustees* v. *The People*, 12 Ill. 254; *The King* v. *The Bishop of Oxford*, 7 East 348. But such facts for the reasons hereafter stated are set forth by way of recital or after a "whereas," though this mode of setting forth facts is not allowed in a declaration in an ordinary suit.

The several alternative writs of *mandamus* utterly failed in their inducement to state any of the facts, on which the plaintiff bases his demand. They simply state, that whereas the plaintiff had filed a petition for a *mandamus* and the judge had ordered it to be issued, therefore we command you, &c. No issue could possibly be made on such an alternative writ. No facts are stated. It is simply a writ and can not serve, as it must, the further purposes of a declaration. An alternative writ of *mandamus* answers two distinct ends. First, it is a writ; and secondly it is the plaintiff's declaration. In form it is a writ, but is distinguishable from an ordinary writ of any other sort in this, that the inducement must set out all the facts, on which plaintiff's demand rests, as clearly as it must be done in a declaration with this difference however, that in the alternative writ of *mandamus* these facts are set out as a preamble to the writ, and therefore by way of recital; whereas in a declaration they can not generally be set out by way of recital. See forms of alternative writs of *mandamus* in the appendix to Moses on Mandamus, pp. 242 and 254, one of which is taken from the case of *The State* v. *The City of Cincinnati et al*, 19 Ohio 178.

This defect in the inducement of these several writs of *mandamus* was attempted to be remedied with leave of the court by their amendment. This amendment consisted in inserting in these writs a preamble to this effect: and whereas it appearing by the petition and affidavit of the plaintiff, that he recovered a judgment against the "city of Charleston" on such a day (setting out the judgment in full), that execution had been issued on said judgment and had been returned by the sheriff of

Syllabus 8.

Kanawha county "no property found," and that said judgment is wholly unpaid; that said city has no property out of which said judgment can be made, that said city is a municipal corporation, and its affairs are managed by its mayor, recorder and councilmen, who perform all the duties of the corporation in relation to levying and collecting taxes and paying its debts, and whereas an order of the judge, &c., has been made, we therefore command you, &c.; the residue of the writ being left as it was originally.

This inducement is ample, every fact necessary to sustain a writ of *mandamus* and necessary to be alleged in the alternative writ being herein set out. See *Fisher v. The City of Charleston, supra.* But such preamble is faulty in asserting that these facts appear in the petition. Such was not the fact. For instance, it did not appear in the petition, that the plaintiff's judgment was wholly unpaid. Nor was it necessary it should appear there, though it was necessary it should appear in the alternative writ, for the reasons stated in the case last cited. The latter part of this preamble is not only not in the petition, but is not true in point of fact, as the court will take judicial notice of, that is, it is not true that " the mayor, recorder and councilmen perform all the duties of the corporation in relation to levying and collecting taxes and paying its debts." Instead of this the truth is, " they perform the duty of levying taxes and setting apart and appropriating them by their order to the payment of any debt they may specify;" and this should have been the allegation. The alternative writs should instead of this have commenced by reciting, "Whereas it is suggested, that Henry J. Fisher has recovered," &c., setting out the facts stated in the amendment to the alternative writs, correcting the error above pointed out at its close, and stating the facts in a more precise form.

But even if the inducement of these writs had thus been made correct, the writs as amended would still have been fatally defective, as the commanding clause re-

mained unchanged by the amendments, and this portion of these writs was fatally defective, as we have pointed out. The conclusion of the writs should have been, "we therefore command you, the city of Charleston, by the mayor, recorder and councilmen thereof to levy a tax upon the taxable property within the corporate limits of said city of Charleston sufficient to satisfy said judgment, interest and costs, and to set apart the proceeds of said tax for the payment of said judgment, interest and costs, or to show cause, if any you can, why you shall not do so." The reasons, why it should be addressed to the city of Charleston rather than to the individual members, who then in their official capacity composed that corporation, are given in the said case of *Fisher* v. *The City of Charleston, supra.*

1881
Spring
Special Term.

The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

Did the circuit court err in consolidating in the manner it did these three cases and in refusing to consolidate them with the fourth case? The matter was properly brought before the court by a rule. See *McCrea* v. *Boust*, 3 Rand. 482. The material and undisputed facts were, that two of the judgments, the payment of which the plaintiff was seeking to enforce in these four separate proceedings, were rendered at the same time by the same court. The third judgment was rendered by the same court at a different time. But the proceedings in these three cases were all instituted near the same time and were exactly alike, the defence in these three proceedings being the same. The fourth proceeding differed from these three and was to enforce a judgment of a different date, and the defence to it was entirely different. The defendants claimed to have paid in full this judgment, and this payment was their only defence in that case. In the other cases they did not pretend, that they had paid any thing on these judgments.

Syllabus 9.

In the case of *Thompson* v. *Shepherd*, 9 Johns. 262, the court say: "The motion for a rule, that these cases be consolidated, must be refused. The notes are of different dates, for different sums and payable at different

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v. Same.

Same v. Same.

times; and for anything, that appears, different defences may be set up in the several suits. To compel a consolidation under such circumstances would be going further than is the usual practice of this court, or of the King's Bench in England (1 Caines 114; Imp. K. B. Pract. 668; 1 Tidd Pr. 566), though the case of *Cecil* v. *Briggs*, 2 Term. Rep. 639, would seem to extend the consolidation rule to all actions between the same parties, and brought at the same time, when the causes of action might be comprised in the same declaration. A liberal extension of the rule is well calculated to prevent oppression by an unnecessary accumulation of costs, and we should be inclined to say, that when separate suits are brought upon notes or contracts made at the same time, and which might have been united in one action, and when the defence is the same in all, a consolidation rule ought to be granted. See also *McCrae* v. *Boust*, 3 Rand. 483.

Two of these cases come fully up to the consolidation rule, as thus suggested. In the third however the judgment was not rendered at the same time. It would generally be an important fact affecting the propriety of consolidating suits, that the two notes sued on in the several suits were given at different times. As this would show, that originating in different transactions, the evidence, which would probably be brought in each case, would be entirely different, and it might lead to serious embarrassment in the trial of the cases, even though the defence might be of the same character in each case. But if the foundation of the suit or proceeding were judgments, their being of different dates would be of far less importance, as the foundation of neither judgment would be shown in evidence, and therefore there would be no probable embarrassment arising fron consolidating them, if the defences in each were the same.

In this case it appeared distinctly, that the defences in three of these cases were identical, and they were prop-

erly consolidated by the court. The fourth case the court properly refused to consolidate with the others, the defence in it being entirely different. But I see no good reason why the ordinary consolidation order should not have been entered, or why in these consolidated cases but one set of costs should be taxed, whether incurred before or after the order consolidating these suits was made. The court in its order says : "But this consolidation is not to affect the costs, which have already accrued in these cases." The plaintiff insists, that this qualification was right, because it does not appear, that when he commenced these proceedings, he knew the defence in each of these cases was the same. But if it appears to the court, that the defences are the same, it will in the absence of any proof or assertion to the contrary be assumed, that the plaintiff knew that the defences were the same. If he would in such case justify his course, so as to have separate costs awarded him, he must in answer to the rule state on oath, that when he instituted the several proceedings, he had reason to believe, and did believe, that the defences in them were different. Having failed to do this, the proceedings should be consolidated, and but one set of costs should be taxed, whether these costs were incurred before or after this consolidation order was made.

The peremptory writ of *mandamus* is in its form erroneous to some extent. The law, as we have seen, requires the peremptory writ of *mandamus* to follow the alternative writ with great exactness. In this case the alternative writ is not followed perhaps in some respects with the requisite exactness; but we need not point out particularly these departures, because, as we have seen, the alternative writs were substantially erroneous, and if followed strictly, the peremptory *mandamus* would still have been fatally erroneous. It commands the defendants, as we have seen, to do that, which they have no power to do ; and such peremptory writ ought not to have been ordered.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston.

Same v Same.

Same v. Same.

1881
Spring
Special Term.

Fisher
v.
The Mayor,
Recorder, &c.,
of the City of
Charleston

Same v. Same.

Same v. Same.

Syllabus 10.

Other objections to the proceedings in these cases have been made and urged ; but similar objections were made in the case of *Fisher* v. *The City of Charleston, supra,* and have been acted upon by the court in that case, and reference is made to it as expressing our views on these points.

There is one question however, which the record in these cases presents, not however referred to by counsel in their argument, on which it is proper for this court to express its opinion: Ought the court on the failure of the defendants to make a return to the alternative writ to order a peremptory *mandamus,* or ought it to have taken steps to compel a return to the alternative writ ? In England the ordinary practice is under such circumstances not to issue a peremptory *mandamus,* but to take the requisite steps to compel a return to the alternative writ ; and this is the practice pursued in some of the States, as for instance, in Wisconsin (See *State ex rel. Holmes* v. *Baird,* 11 Wis. 261.) But in other States the general practice is under such circumstances to issue at once a peremptory writ, as for instance, in New York. The true rule, which we should adopt, is that laid down in the people at the relation of *Tremper* v. *The Judges and Supervisors of the County of Ulster,* 1 Johns. 64. The court there lays down this as the rule : " It is not requisite, that we should go through the process and delay of rules and attachments in order to compel a return to the first *mandamus.* The *alternative* writ is intended for the benefit and convenience of defendants. As the first has been regularly served, we may, at our discretion, order a peremptory *mandamus;* but as the defendants may not have had a sufficient time to meet together and make their return, we are disposed to allow them a further day for that purpose."

Applying this rule in the present case, if the plaintiff had been entitled to a peremptory writ of *mandamus,* the court might properly have ordered it to be issued without compelling a return to the alternative writs of

*mandamus* and without extending the time, within which to make such return, as the defendants had already had a sufficient time, within which to make their return, and the proceedings indicated quite clearly, that they had no substantial defence to make, but were relying only on the irregularities of the proceedings on the part of the plaintiff.

For these reasons the judgment of the circuit court of Kanawha in these cases rendered on June 16, 1879, awarding a peremptory writ of *mandamus*, and also the order of June 16, 1879, reviving these cases and ordering them to proceed in the name of the newly elected officer of the city of Charleston without notice to them, and also so much of the order of June 9, 1879, as directed, that the consolidation of these cases should not affect the costs, which had then accrued in these cases, and also the three several orders made on the 19th day of December, 1878, in these cases severally permitting certain amendments of the alternative writs in these cases, also the three several orders made by the judge in these cases severally in vacation, one on the 18th day of August, 1878, and the others on the 25th of September, 1878, be set aside, reversed and annulled ; and the plaintiff in error must recover of the defendant in error, Henry J. Fisher, their costs in this court expended ; and these cases must be remanded to the circuit court of Kanawha county with instructions, that in these three cases consolidated the circuit court shall order to be issued an alternative writ of *mandamus* to be addressed to the city of Charleston, commanding it by its mayor, recorder and councilmen, not naming them, to levy a tax upon the taxable property within the corporate limits of said city of Charleston sufficient to satisfy the several judgments, interest and costs of the plaintiff, in his several petitions mentioned, and to set apart the proceeds of said tax for the payment of said judgments, interest and costs, or show cause, if any they can, why they should not do so,

and with the further instruction to proceed with these cases according to the principles laid down in this opinion and further according to law.

THE OTHER JUDGES CONCURRED.

ORDERS REVERSED.   CAUSE REMANDED.