BERKLEY C. NEFF

*v.*

ARTIE HOLLEY, *President, et al.*

CONSTITUTING CABELL COUNTY COURT

(No. 10127)

Submitted February 1, 1949. Decided

March 8, 1949.

*Daniel & Daniel* and *W. H. Daniel* for relator.

*Edward H. Greene,* for respondents.

Kenna, Judge:

In this ·original proceeding in mandamus the petition of the relator, Berkley C. Neff, alleges that the respondents, Artie Holley, Frank Heiner and James Brady are respectively the president and commisssioners of the County Court of Cabell County; that the relator was elected November 2, 1948, to the office of constable in Guyandotte District of said county; that on December 31, 1948, the relator appeared before the County Court of Cabell County and presented his certificate of election, his executed oath of office, as well as a valid and sufficient bond in the penalty of $5,000.00, signed by himself as principal and Margaret E. Neff and Bert Wolfe as sureties, together with what is termed "justifications" of his sureties signed by the Clerk of the County Court of Cabell County and certifying that the two sureties are the owners of real estate in Cabell ·County the aggregate assessed valuation of . which for the year 1948 exceeds the penalty of the bond. The petition further alleges that the County Court of Cabell County declined to consider and approve the tendered bond solely because of an order entered by that court on December 11, 1948, that required justices of the peace and constables in Cabell County each to give a "surety company bond", fixing the penalties of bonds to be given in different magisterial districts of Cabell County and eliminating the consideration of bonds signed and executed by. individual sureties. The petition therefore, after alleging that the County Court of Cabell County was without warrant of law to enter an order declining to consider official bonds

of constables with individual sureties and that the order was therefore void, prays that this Court mandamus the members of the County Court of Cabell County and its president to accept as relator's official bond the instrument tendered on the 31st day of December, 1948, and properly induct him into office as constable of Guyandotte District in that county for a term of four years commencing January 1, 1949.

The petition, the material allegations of which are not contradicted by the return of respondents, alleges that the County Court of Cabell County held that the two sureties who had executed the bond that was tendered were in all other respects sufficient, and that it declined to approve that bond solely because it was not "a corporate surety company bond". We, of course, cannot consider that allegation due to the fact that the county court, having declined to consider the offered bond as being in the required form, did not and could not reach the question of passing upon the responsibility of its sureties as such. It declined to consider individual sureties; it therefore did not reach the question of their responsibility. Therefore, the prayer of the petition, if considered strictly, would have to be declined. However, in a proper case this Court has the power to mold the rule or, formerly, alternative writ of mandamus, to conform to the record showing. *Fisher v. The Mayor, Recorder etc. of the City of Charleston,* 17 W.Va. 628; *State ex rel. Mount Hope Coal Co. v. White Oak R. Co.,* 65 W.Va. 15, 64 S.E. 630; *Densmore, et al. v. Mercer County Court,* 106 W.Va. 317, 145 S.E. 641; *State ex rel. Savage v. Robertson,* 124 W.Va. 667, 684, 23 S.E. 2d 281. That will be done here.

The approval of individual sureties on an official bond is a practice far more ancient than that of accepting corporate sureties. It is so time honored that statutory authorization is not required nor given, as it is to corporate indemnity companies by Code, 31-5-5. The giv-

ing of official bonds with satisfactory individual sureties is a common law practice so firmly established that we feel that we can securely say that it would take legislation at least to upset it. In fact, the State of Ohio has the established rule that its Legislature cannot by act require the giving of corporate sureties to the exclusion of individuals because such a statute would interfere with the individual's constitutional right to contract freely. *State ex rel. McKell v. Robins,* 71 Ohio St. 273, 73 N.E. 470, 2 Ann. Cas. 485. Of course legislation is beyond the scope of the powers of county courts and while we feel that they can establish administrative rules and, within their power to function, penalize their violation, we are of the opinion that the order of the County Court of Cabell County requiring corporate surety bonds of justices of the peace and constables in that county is entirely void as attempting to deal with a matter involving public policy that lies only within the breast of the Legislature.

On the basis of what has been said an order will be entered awarding a peremptory writ of mandamus requiring the County Court of Cabell County to consider the relator's bond with individual sureties in the required penalty and to accept and approve it, if properly executed by sureties meeting with its approval.

*Rule amended; writ awarded.*